SEL/KAJ/TMK  2/20/07  06-268  #21683

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ALYN COOPERMAN,<br>MIKE LEAVITT, Secretary of the Department of Health and Human Services, and<br>SUSAN E. LOGGANS & ASSOCIATES, P.C.<br><br>Defendants | No. 07 C 0434 |

## MOTION FOR SUMMARY JUDGMENT

Defendants, ALYN L. COOPERMAN and SUSAN E. LOGGANS & ASSOCIATES, P.C. by and through their attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., complaining of the plaintiff, STATE FARM MUTAL AUTOMOBILE INSURANCE COMPANY, hereinafter "STATE FARM," upon information and belief, states as follows:

**I.    FACTS**

Defendant, ALYN L. COOPERMAN, bargained for and purchased an auto insurance policy from defendant, STATE FARM, identified as Policy # 9672835-AO3-13F (the "State Farm Policy"). Plaintiff, STATE FARM, in exchange for valuable consideration from defendant, ALYN L. COOPERMAN, promised and contracted to provide uninsured motorist coverage in the amount of $250,000 and $25,000 in Medical Payment Coverage to defendant, ALYN L. COOPERMAN. On November 20, 2006, defendant, ALYN L. COOPERMAN, was

involved in a motor vehicle accident with an uninsured motorist while the State Farm Policy was in full force and effect. As a result of the motor vehicle accident on November 20, 2006, and thereafter, defendant, ALYN L. COOPERMAN, sustained multiple severe injuries, including multiple fractures in her legs, vertebrae, clavicle, a dislocated shoulder and numerous internal injuries. Further, plaintiff has incurred significant medical expenses. Defendant, through her attorney Susan E. Loggans & Associates, demanded that plaintiff, STATE FARM, tender the policy limit of $250,000 uninsured motorist coverage and $25,000 limit of the medical payment coverage for Mrs. Cooperman's claim.

Pursuant to defendant's demand, on or about January 11, 2007, plaintiff, STATE FARM, offered to settle, and defendant accepted, uninsured motorist coverage of $250,000 and medical payment coverage of $25,000. However, plaintiff, STATE FARM, has tendered payment, insisting that Medicare be added to the draft as a payee, even though Medicare has not made any payment regarding the accident but is merely identified on a hospital bill as one of three possible insurers/guarantors. Defendant, ALYN L. COOPERMAN, has confirmed that Medicare has not made payment in this matter on any of plaintiff's medical bills. Prior to plaintiff's Compliant for Interpleader, defendant, ALYN L. COOPERMAN, sought injunctive relief in the Circuit Court of Cook County, Chancery Division, to (1) compel an authorized individual on behalf of Medicare to endorse the settlement draft and (2) for State Farm to reissue a settlement draft in the amount of the agreed upon settlement without Medicare as a payee. These facts are uncontested.

## II. ISSUE

I. **Whether STATE FARM's refusal to tender payment without naming Medicare as a payee, when Medicare has not made any payments, and was not required to make payments, is proper.**

### III. LAW

42 U.S.C.S. section 1395y (b)(2), known as the Medicare Secondary Payer statute, makes Medicare the secondary payer for medical services provided to Medicare beneficiaries whenever payment is available from another primary payer; primary payers include the beneficiary's private insurer or the private insurer of someone liable to the beneficiary. Cochran v. United States Health Care Fin. Admin., 291 F.3d 775, 2002 U.S. App. LEXIS 9221; 42 U.S.C.S. section 1395y (b)(2). This means that if payment for covered services has been or is reasonably expected to be made by someone else, Medicare does not have to pay. Id. Further, Medicare has a cause for subrogation and may recover an amount equal to the Medicare payment. Thomas v. Shelton, 740 F.2d 478, 482 (7th Cir. 1984); Zinman v. Shalala, 835 F.Supp. 1163 (N.D. Cal. 1993) affirmed 67 F.3d 841 (9th Cir. 1995); 42 CFR section 411.24(c).

A motion for summary judgment will lie only where there is no genuine issue as to any material fact, it may not be used as a substitute for the trial of disputed issues. Trowbridge v. Prudential Ins. Co., 322 F.Supp. 190; 1971 U.S. Dist. LEXIS 15103. On a motion for summary judgment, the moving party bears the initial burden of establishing that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### IV. ARGUMENT

It is well settled federal law that Medicare *always* has a cause for subrogation on any amount equal to *payments made by Medicare*. Thomas v. Shelton, 740 F.2d 478, 482 (7th Cir. 1984); Zinman v. Shalala, 835 F.Supp. 1163 (N.D. Cal. 1993) affirmed 67 F.3d 841 (9th Cir. 1995); 42 CFR section 411.24(c)(emphasis added). However, in this case, defendant, MIKE LEAVITT, the Secretary of the Department of Health and Human Services (Hereinafter,

"Medicare") has made no payments. Moreover, Medicare is merely a secondary payer in regards to defendant, ALYN COOPERMAN's medical expenses. Payments for Ms. Cooperman's medical expenses are available from the primary party, STATE FARM, and as such Medicare is not obligated to pay. Cochran v. United States Health Care Fin. Admin., 291 F.3d 775, 2002 U.S. App. LEXIS 9221.

Bottom Line, no payments have been made on behalf of defendant, ALYN COOPERMAN, by defendant, Medicare. This fact is undisputed. Nevertheless, plaintiff, STATE FARM, misconstrues Medicare's rights and obligations thus creating the causal issue of its Complaint for Interpleader. Accordingly, as the underlying issue to plaintiff's complaint is resolved by an undisputed fact, there leaves no genuine issue as to any material fact and defendant's Motion for Summary Judgment must be granted. Trowbridge v. Prudential Ins. Co., 322 F.Supp. 190; 1971 U.S. Dist. LEXIS 15103.

## V. CONCLUSION

Plaintiff's filing of a Complaint for Interpleader unnecessarily delays payment because plaintiff is the primary payer and defendant, Medicare, has made no payments on behalf of the defendant, ALYN COOPERMAN, nor is Medicare required to make payment. Therefore, there is no genuine issue as to any material fact and defendant's Motion for Summary Judgment must be granted.

SUSAN E. LOGGANS & ASSOCIATES, P.C.
Attorneys for Plaintiff

By: _____
Attorney for Plaintiff

